IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BIANCA J. ARMBRUSTER, | No. 4:21-CV-02070 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| BRADLEY D. ESKOLA, *et al.*, | |
| Defendants. | |

### MEMORANDUM OPINION

#### OCTOBER 5, 2022

## I.   BACKGROUND

### A.   Facts

On December 16, 2020, Plaintiff Bianca J. Armbruster was driving her Jeep Cherokee on Interstate 80 during a snowstorm in Greene Township, Clinton County Pennsylvania.[1] The deteriorating weather conditions caused the Pennsylvania Department of Transportation to lower the speed limit to forty-five miles per hour; motor vehicle accidents further along Interstate 80 had caused traffic to come to a standstill.[2] Heavy snowfall continued, covering the roadway.[3]

During that snowstorm, Defendant Bradley Eskola was driving his truck on Interstate 80 at an unsafe speed and struck another vehicle.[4] That vehicle was pushed

---

[1]   Compl. Doc. 1 ¶¶ 22-24, 35.
[2]   *Id.* ¶¶ 25-27.
[3]   *Id.* ¶ 28.
[4]   *Id.* ¶ 29.

into two others, one of which in turn struck a third vehicle.[5] Consequently, several additional collisions occurred involving up to ten vehicles, including Plaintiff's Jeep.[6] Plaintiff's Jeep was struck by vehicles driven by Defendants Anvarkhon Akbarov, Carl Innocent, Henryk Biront, and Bradley Connor.[7] Her vehicle was pushed underneath Akbarov's and Eskola's trucks.[8] As a result, she suffered substantial injuries from the collisions and the efforts to extricate her from the wreckage.[9]

### B. Procedural History

Plaintiff filed this Complaint against Defendants Eskola, Akbarov, Innocent, and Biront, as well as their respective employers, JX Enterprises, Inc. and JX Leasing, Inc.; ECO Trucking, LLC; VIVA Express, Inc.; and BTE Trucking, Inc., and Defendant Connor, another driver on Interstate 80 on the day of the collisions.[10]

Each set of Defendants answered Plaintiff's Complaint and alleged a litany of affirmative defenses.[11] Plaintiff now moves to strike various affirmative defenses

---

[5] *Id.* ¶¶ 30-33.
[6] *Id.*
[7] *Id.* ¶¶ 35-36.
[8] *Id.* ¶ 38.
[9] *See id.* ¶¶ 42-46.
[10] *Id.* ¶¶ 3-20. The Court will refer to each set of employer and employee Defendants using the names of the employee Defendant: i.e., "the Eskola Defendants" refers to the individual Bradley D. Eskola and his employers, JX Enterprises, Inc. and JX Leasing Inc.
[11] Def. Connor's Ans. Doc. 7; Def. Biront's Ans. Doc. 14; Def. Eskola's Ans. Doc. 35; Def. Akbarov's Amended Ans. Doc. 47; Def. Innocent's Amended Ans. Doc. 62. Each Defendant has also filed crossclaims against their co-defendants and answers to the crossclaims.

from three of the answers under Federal Rule of Civil Procedure 11.[12] Plaintiff also moves to strike various defenses from the Innocent Defendants' Amended Answer under Rule 12(f).[13]

## II.   DISCUSSION

### A.   Rule 11

Rule 11(b) provides in pertinent part that when an attorney signs a pleading, he certifies to the court that to the best of his knowledge, the filing

(1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11 motions "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."[14] "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the

---

[12]  Plf's Rule 11 Mot. to Strike Innocent Ans. Doc. 18; Plf's Rule 11 Mot. to Strike Biront Ans. Doc. 19; Plf's Rule 11 Mot. to Strike Eskola Ans. Doc. 56.
[13]  Plf's Rule 12(f) Mot. to Strike Def. Innocent's Amended Ans. Doc. 61.
[14]  Fed. R. Civ. P. 11(c)(2).

challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."[15]

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts."[16] "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose."[17] Invocation of the Rule is "reserved for only exceptional circumstances."[18] Upon finding a Rule 11 violation, a court may strike offending pleadings as a sanction.[19]

### B.   Rule 12(f) Governs Striking Insufficient Defenses, Rather Than Rule 11

Under Rule 11, Plaintiff seeks to strike various affirmative defenses in the Answers of the Eskola, Biront, and Innocent Defendants. The Innocent Defendants have filed an Amended Answer,[20] which Plaintiff has separately moved to strike under Rule 12(f)[21]. As Plaintiff has not renewed her Rule 11 Motion to Strike the

---

[15]  *Id.*
[16]  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).
[17]  *Id.* (internal quotations omitted).
[18]  *Morristown Daily Record, Inc. v. Graphic Commc'ns Union, Local 8N*, 832 F.2d 31, 32 (3d Cir. 1987).
[19]  Fed. R. Civ. P. 11 Advisory Committee Notes to 1983 Amendment.
[20]  Def. Innocent's Amended Ans. Doc. 62.
[21]  Plf's Mot. to Strike Innocent Ans. Doc. 71.

Innocent Defendants' Amended Answer, it will be denied as moot and the Court will consider the Rule 12(f) Motion to Strike further below.

In the 1983 Amendments to the Rules of Civil Procedure, the Advisory Committee explained that motions to strike pleadings "as sham and false . . . . generally present issues better dealt with under Rules 8, 12, or 56."[22] The United States Court of Appeals for the Ninth Circuit has cautioned that Rule 11 is not "properly used to sanction the inappropriate filing of papers where other rules more directly apply." [23] That court suggested that inappropriate discovery filings are governed by Rule 26(g) and that inappropriate affidavits on summary judgment motions are governed by Rule 56(g).[24]

Similarly, the Court concludes that Rule 11 is not the proper vehicle for testing the sufficiency of an affirmative defense.[25] As the Advisory Committee noted, applying Rule 11 in that context may "confuse the issue of attorney honesty with the merits of the action."[26] The Court concludes that Rule 12(f) and the standards for pleading contained in Rule 8 provide the proper framework for motions to strike

---

[22] Fed. R. Civ. P. 11 Advisory Committee Notes to 1983 Amendment.
[23] *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986), *abrogated on other grounds by Cooter & Gell*, 496 U.S. at 399-405; *see also* 2 MOORE'S FEDERAL PRACTICE - CIVIL § 11.02 (2022) (citing *Bus. Guides, Inc. v. Chromatic Communs. Enters.*, 498 U.S. 533, 548 (1991)).
[24] *Zaldivar*, 780 F.3d at 830.
[25] Furthermore, Plaintiff has not shown that she has complied with the "safe harbor" provision of Rule 11, which requires her to serve the motion and then allow the Defendants twenty-one days to cure the alleged deficiencies before filing the motion with the Court. *See* Fed. R. Civ. P. 11(c)(2). It appears that Plaintiff waited until twenty-one days after the Answers were filed and then served the Defendants and filed the Rule 11 Motions to Strike at the same time. This failure serves as an additional reason to deny her Rule 11 Motions.
[26] Fed. R. Civ. P. 11 Advisory Committee Notes to 1983 Amendment.

pleadings, as the Advisory Committee suggested. Accordingly, all of Plaintiff's Rule 11 Motions to Strike are denied. As she did with respect to the Innocent Defendants, Plaintiff may file a Rule 12(f) motion against the other Defendants.[27]

### C.     Rule 12(f)

Pursuant to Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A Rule 12(f) motion to strike "is the 'primary procedure' for objecting to an insufficient affirmative defense."[28] These motions may "serve a useful purpose by eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case."[29]

"While affirmative defenses need not rise to the level of plausibility, their pleading must still provide plaintiffs with 'fair notice' of the grounds for those defenses."[30] "Generally, '[a]ffirmative defenses [are] not to be struck unless there was no set of facts which could be inferred from the pleadings in support of the

---

[27] In Plaintiff's Reply Brief Doc. 40, she cites a case applying Rule 12(f) and expresses that she "does not object to the instant matter being addressed under any other [R]ule which the Court finds applicable." Doc. 40 at 2. The Court "will not manufacture arguments" for her. *Doe I v. Governor of Pennsylvania*, 977 F.3d 270, 274 (3d Cir. 2020). Given the authority Plaintiff cites and her subsequent Rule 12(f) Motion to Strike the Innocent Defendants' Answer, she is well aware that she may make the appropriate motion under the appropriate Rule.
[28] *United States v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989) (Nealon, J.).
[29] *Id.* at 837.
[30] *Mifflinburg Tel., Inc. v. Criswell*, 80 F. Supp. 3d 566, 573 (M.D. Pa. 2015) (Brann, J.).

defenses, but it was also the case that bare bones conclusory allegations could be stricken.'"[31]

"[S]tating an affirmative defense provides 'fair notice' without specific factual allegations for each element of the defense as long as the defense is logically within the ambit of the general factual allegations in the litigation."[32] "Stated otherwise, the plaintiff must be able to infer why an affirmative defense may be germane to the litigation based on some general allegations in the pleadings. The facts may be threadbare, but they must be there."[33]

Accordingly, motions to strike affirmative defenses "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action."[34]

### D. Application

Plaintiff challenges the Innocent Defendants' first (failure to state a claim), second and fifth (*res judicata*, estoppel, statute of limitations, and waiver), third (no duty owed to Plaintiff), fourth (no breach of duty), sixth and fourteenth (Pennsylvania Motor Vehicle Financial Responsibility Law), seventh (Plaintiff's conduct caused damages), eighth (failure to mitigate damages), ninth (comparative

---

[31] *Id.* (alterations in original) (quoting *Dann v. Lincoln Nat. Corp.*, 274 F.R.D. 139, 145 (E.D. Pa. 2011)).
[32] *Id.* at 574.
[33] *Id.*
[34] *Id.* at 572 (quoting *Trivedi v. Slawecki*, 2013 WL 1767593 *2 (M.D. Pa. Apr. 24, 2013)).

negligence, contributory negligence, assumption of risk, and avoidable consequences), tenth (Defendants' acts were not proximate cause), eleventh (third parties caused Plaintiff's damages), twelfth (superseding or intervening cause), and thirteenth defenses (Plaintiff lost or destroyed evidence).[35] Plaintiff also challenges the Innocent Defendants' fifteenth affirmative defense, which is a reservation of the right to claim further affirmative defenses.[36]

Plaintiff alleges that each defense is "bare bones and contains conclusory allegations that do not include a short and plain statement of facts; thus, [each challenged defense] is improper under Rule 12(f)."[37] As for the Innocent Defendants' sixth and fourteenth affirmative defenses, raising the Pennsylvania Motor Vehicle Financial Responsibility Law, Plaintiff avers that these defenses recite the statute without identifying a specific section.[38] In response, the Innocent Defendants argue that each of the defenses provides fair notice and therefore should not be stricken, without further elaboration.[39]

It is true that the Innocent Defendants' defenses are provide a somewhat economical recitation of any facts relating them to the instant litigation. This is a practice that many courts, including this one, have long decried.[40] However, in the

---

[35] Plf's Mot. to Strike Doc. 61 ¶¶ 32-42.
[36] Plf's Mot. to Strike Doc. 61 ¶ 43.
[37] Plf's Br. Doc. 73 at 5-9.
[38] Plf's Mot. to Strike Doc 61 ¶ 36.
[39] Def. Innocent's Opp. Br. Doc. 75 ¶¶ 31-43.
[40] *See, e.g.*, *Sinclair Cattle Co., Inc. v. Ward*, 2015 WL 6125260, at *4 (M.D. Pa. Oct. 16, 2015) (Conner, C.J.); *Mifflinburg Tel.*, 80 F. Supp. 3d at 574 (Brann, J.); *Peoples State Bank of*

context of this complex automobile accident case, some of the defenses provide fair notice to Plaintiff given the general allegations in Plaintiff's Complaint. The Court first discusses those defenses.

### 1. The Innocent Defendants' Sufficient Defenses

The Innocent Defendants' third (no duty owed to Plaintiff), fourth (no breach of duty), seventh (Plaintiff's conduct caused damages), tenth (Defendants' acts were not proximate cause), eleventh defenses (third parties caused Plaintiff's damages) are all general denials of the elements Plaintiff must prove to succeed on her negligence claim. Defendants deny that they had any duty, that they breached any duty, and that they were the actual or proximate cause of Plaintiff's injuries. As Plaintiff carries the burden to prove these elements, she is not prejudiced by Defendants' general denials.

Defendants' eighth (failure to mitigate damages), and ninth defenses (comparative negligence, contributory negligence, assumption of risk, and avoidable consequences), are all familiar tort defenses commonly raised in personal injury actions. This is, again, a complex car accident case with as many as ten different vehicles colliding in hazardous conditions. Knowing that Plaintiff's own conduct will be put at issue does not prejudice her. These defenses provide Plaintiff with fair

---

*Wyalusing, PA v. Wellsburg Truck Auto Sales, Inc.*, 2010 WL 4922877, at *4 (M.D. Pa. Nov. 29, 2010) (Caputo, J.); *Dann*, 274 F.R.D. at 146; *Greenspan v. Platinum Healthcare Group, LLC*, 2021 WL 978899, at *1 (E.D. Pa. Mar. 16, 2021).

notice that Defendants will raise those issues if they are supported by further investigation and discovery.

Defendants' sixth and fourteenth defenses (Pennsylvania Motor Vehicle Financial Responsibility Law) raise 75 Pa. C.S. § 1722 as a defense, which provides that plaintiffs suing motorists who have received certain forms of compensation for their injuries are barred from recovering the value of the compensation received. This defense also places Plaintiff on fair notice that Defendants will raise that issue if further investigation warrants application of the statute. Therefore, this defense does not prejudice Plaintiff.

Accordingly, Plaintiff's Motion to Strike is denied with respect to these defenses.

### 2. The Innocent Defendants' Insufficient Defenses

However, the Innocent Defendants' first affirmative defense simply recites the basis for a Rule 12(b)(6) motion without any explanation of how Plaintiff has failed to state a claim for negligence. This does not meet the standards of Rule 8(b)(1)(A) for pleadings.[41] Defendants may file such a motion with the proper support.

The Innocent Defendants' second (*res judicata*, estoppel, and/or statute of limitations) and fifth defenses (*res judicata*, estoppel, and/or waiver) are also insufficient. Defendants entirely fail to address the elements of those defenses. They

---

41   *See People's State Bank of Wyalusing*, 2010 WL 4922877, at *4.

do not identify the operative statute of limitations, even though it is clear that Plaintiff filed suit within the two-year statute of limitations for negligence actions in Pennsylvania.[42] They do not identify any judgment in any prior case that could preclude the instant action. And they have not advanced any factual predicate as to why Plaintiff should be estopped from or has waived asserting the instant claims. Likewise, Defendants' thirteenth defense contends that Plaintiff has lost or destroyed evidence, thereby prejudicing Defendants. Defendants fail to allege any facts to support that allegation. Defendants' fifteenth affirmative defense (reserving right to raise further defenses) is also insufficient under Rule 8 as it "fails to alert [Plaintiff] to the nature of the defenses they should anticipate."[43]

Accordingly, Plaintiff's Motion to Strike the Innocent Defendants' Answer is granted in part and denied in part. If Defendants choose to amend their pleadings, the Court advises counsel to elaborate further on the facts supporting each of his defenses, including those defenses that remain.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motions to Strike Defendants' Answers under Rule 11 are denied and her Motion to Strike the Innocent Defendants' Answer under Rule 12(f) is granted in part and denied in part.

---

[42] 42 Pa. C.S. § 5524.
[43] *Sinclair Cattle Co.*, 2015 WL 6125260, at *4 (citing *F.D.I.C. v. Mahajan*, 923 F. Supp. 2d 1133, 1141 (N.D. Ill. 2013)).

An appropriate Order follows.

          BY THE COURT:

          *s/ Matthew W. Brann*
          Matthew W. Brann
          Chief United States District Judge