## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BIANCA J. ARMBRUSTER, | No. 4:21-CV-02070 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| BRADLEY D. ESKOLA, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### MARCH 24, 2023

## I.    INTRODUCTION AND BACKGROUND

This matter arises from a complex, chain-reaction automobile accident on Interstate 80 in Greene Township, Clinton County, Pennsylvania involving Plaintiff Bianca J. Armbruster and Defendants.[1] The accident occurred during a snowstorm.[2] Armbruster was operating her vehicle when the collision occurred.[3] Defendants are the other drivers involved with the collision, and where applicable, the drivers' employers.[4]

Armbruster now, by motion, seeks leave to amend her Complaint to add new Defendants and seek punitive damages.[5] Defendants oppose her motion. The Court

---

[1]    *Armbruster v. Eskola,* 2022 WL 5221542, at *1 (M.D. Pa. Oct. 5, 2022) (Doc. 77).
[2]    *Id.*
[3]    *Id.*
[4]    *Id.*
[5]    Doc. 86.

has received initial briefs from all parties and the time for any additional briefing has expired. Armbruster's motion is therefore ripe for disposition.

## II.    DISCUSSION

### A.    Standard for Motions for Leave to Amend

Leave to amend is usually governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) states that once a party has exhausted its right to amend as a matter of course, that party "may amend its pleading only with the opposing party's written consent or the court's leave." The Rule further states that leave to amend "shall be freely given when justice so requires." Rule 15(a) is to be construed broadly; "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[6] "This liberal amendment regime helps effectuate the 'general policy embodied in the Federal Rules favoring resolution of cases on their merits.'"[7]

### B.    Armbruster's Motion to Amend

Armbruster seeks to add nine new unidentified Defendants to her Complaint and demands for punitive damages against all Defendants.[8] Based on their briefs, it appears that Defendants oppose only the addition of punitive damages as relief, not the addition of new parties. Each Defendant argues that Armbruster's proposed

---

[6]    *Backof v. New Jersey State Police*, 92 F. App'x 852, 858 (3d Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[7]    *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987)).

[8]    Mot. for Leave to Amend, Doc. 86 ¶ 1.

amendments are futile, as the facts alleged to not warrant the imposition of punitive damages.[9] The Court disagrees.

All parties appear to agree with the relevant standards for futility and for punitive damages. An amendment is futile when "the complaint, as amended would fail to state a claim upon which relief can be granted," which is the same inquiry the Court would undertake on a motion to dismiss filed pursuant to Rule 12(b)(6).[10] To adequately state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] As all parties acknowledge, Pennsylvania substantive law governs this diversity action. Under Pennsylvania law, to obtain punitive damages, "the plaintiff must adduce evidence which goes beyond a showing of negligence, evidence sufficient to establish that the defendant's acts amounted to 'intentional, willful, wanton, or reckless conduct . . .'"[12]

In the proposed Amended Complaint, Armbruster alleges that each individual Defendant drove "at an excess speed under the circumstances," "fail[ed] to keep a reasonable lookout for hazards," and failed to adequately control their vehicles.[13]

---

[9]   *See, e.g.*, Eskola and JX Opp. Br, Doc. 93 at 3-4.

[10]  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d. Cir. 1997).

[11]  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

[12]  *Phillips v. Cricket Lighters*, 883 A.2d 439, 445 (Pa. 2005) (alterations in original) (quoting *SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 (Pa. 1991)).

[13]  Proposed Amended Complaint, Doc. 86-3 ¶¶ 63 (Eskola), 65 (Akbarov), 67 (Innocent), 69 (Biront), 71 (Connor). In addition to filing the Proposed Amended Complaint as an exhibit to her motion for leave to amend, Armbruster filed the

Defendants argue that those proposed allegations are insufficient to support punitive damages because they only allege that each Defendant acted negligently, not recklessly.[14]

In Pennsylvania, an individual acts recklessly when "his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent."[15] Title 75 Pa. C.S. § 3736 criminalizes reckless driving. To drive recklessly is to drive "in such a manner that there existed a substantial risk that injury would result from [one's] driving, i.e., a high probability that a motor vehicle accident would result from driving in that manner."[16] The driver must have been "aware of that risk and yet continued to drive in such a manner, in essence, callously disregarding the risk he was creating by his own reckless driving."[17]

The Court concludes that Armbruster's allegations that Defendants operated their vehicles at excessive speeds and without appropriate vigilance during a snowstorm plausibly allege that Defendants conduct created a substantial risk of a car accident and Defendants' failure to drive safely constituted callous disregard of that risk. Therefore, the Court concludes that Armbruster's proposed allegations are sufficient to support her demands for punitive damages. Defendants are welcome to

---

[14]  *See, e.g.*, Eskola and JX Opp. Br, Doc. 93 at 5-6.

[15]  *Phillips*, 883 A.2d at 445 (quoting *SHV Coal*, 587 A.2d at 704).

[16]  *Commonwealth v. Greenberg*, 885 A.2d 1025, 1027 (Pa. Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1003 (Pa. Super. 2003).

[17]  *Id.* (quoting *Bullick*, 830 A.2d at 1003).

renew their arguments after discovery is complete. But at this time, the Court will grant Armbruster's motion.

## III.   CONCLUSION

For the foregoing reasons, Armbruster's motion for leave to amend is granted. An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge