## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

BIANCA ARMBRUSTER,

                Plaintiff,

    v.

BRADLEY D. ESKOLA, et al.,

                Defendants.

CIVIL ACTION NO. 4:21-CV-02070

(MEHALCHICK, J.)

## MEMORANDUM

Presently before the Court is a motion to dismiss filed by Defendants William Wheeler ("Wheeler") and Advantage Transportation ("Advantage") (collectively, "Moving Defendants"). (Doc. 159). This action was commenced by the filing of a complaint ("Complaint") on December 9, 2021, by Bianca J. Armbruster ("Plaintiff"). (Doc. 1). Plaintiff alleges negligence claims against Defendants Bradley D. Eskola, Anvarkhon Akbarov, Carl H. Innocent, Henryk W. Biront, Bradly A. Connor, JX Enterprises, Inc., JX Leasing, Inc., Eco Trucking, LLC, Viva Express, Inc., BTE Trucking, Inc., Western Express, Inc., Danielle Vega, Justin Majewski, Uni Trans, LLC, Bekzod Isoev, Advantage and Wheeler (collectively, "Defendants"). (Doc. 1; Doc. 142). On November 27, 2023, Plaintiff filed the operative second amended complaint ("Second Amended Complaint"). (Doc. 142). For the following reasons, Moving Defendants' motion to dismiss the Second Amended Complaint will be **GRANTED**. (Doc. 159). Count IX of the Second Amended Complaint will be **DISMISSED.** (Doc. 142, ¶¶ 78-79).

## I.   BACKGROUND AND PROCEDURAL HISTORY

The following factual summary is taken from Plaintiff's Second Amended Complaint. (Doc. 142). On December 16, 2020, at approximately 3:00 PM, Plaintiff was driving

westward on Interstate 80 during a snowstorm when she was involved in a multi-vehicle pileup ("the accident"). (Doc. 142, ¶¶ 39-51). The snowstorm was a predicted weather event that caused deteriorating road conditions so severe that the Pennsylvania Department of Transportation lowered the maximum speed limit from 70 miles per hour to 45 miles per hour. (Doc. 142, ¶¶ 37-38). Prior to the Accident, there were three separate groups of vehicle collisions on Interstate 80, each involving three to five vehicles. (Doc. 142, ¶ 39). These accidents caused traffic on Interstate 80 to come to a complete stop. (Doc. 142, ¶ 40).

Plaintiff was significantly injured from the accident. (Doc. 142, ¶¶ 58-59). She was trapped in her vehicle for nearly six hours as the snowstorm continued, until first responders were finally able to rescue her from the wreckage. (Doc. 142, ¶¶ 56-57). Because she was trapped for so long, first responders on scene had to perform a cricothyrotomy in the field to establish an airway for her to breath. (Doc. 142, ¶ 57). After being extricated, Plaintiff was transported to the Emergency Department at UMPC Susquehanna Williamsport, where she received treatment for life-threatening injuries. (Doc. 142, ¶¶ 58-59).

Seeking recovery and damages for the injuries sustained and impact from the accident, Plaintiff initiated this lawsuit by filing the Complaint on December 9, 2021. (Doc. 1). Plaintiff filed the operative Second Amended Complaint on November 23, 2023, adding Moving Defendants as defendants to this action. (Doc. 142). In her Second Amended Complaint, Plaintiff asserts a claim of Negligence against Moving Defendants in Count IX. (Doc. 142, at 25). In her Second Amended Complaint, Plaintiff demands compensatory and punitive damages from each Defendant individually as well as through their employers related to her injuries and medical costs. (Doc. 142, ¶¶ 60-61).

Presently before the Court is a motion to dismiss filed by the Moving Defendants on

January 26, 2024, along with their brief in support. (Doc. 159; Doc. 160). Plaintiff filed an incorrectly labeled brief in opposition, found on the docket as a "reply brief," to Moving Defendants' motion on February 20, 2024.[1] (Doc. 172). Moving Defendants filed a reply brief on March 1, 2024. (Doc. 175). Accordingly, the motion to dismiss has been fully briefed and is ripe for disposition. (Doc. 1; Doc. 87; Doc. 142; Doc. 159; Doc. 160; Doc. 171; Doc. 172; Doc. 175).

## II.   MOTION TO DISMISS STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint are true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although a court must accept the factual allegations in a complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

---

[1] The document Plaintiff filed labeled "brief in opposition" is not a brief in opposition, but an answer to Defendants' assertions in paragraph form. (Doc. 171). The document Plaintiff filed briefing her opposition to Defendants' Motion to Dismiss is titled "reply brief." (Doc. 172).

In *Ashcroft v. Iqbal*, the United States Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In evaluating a motion to dismiss, a court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III.   DISCUSSION

The issue before the Court is whether Plaintiff's negligence claim against Moving Defendants is barred by the statute of limitations. (Doc. 160, at 6; Doc. 171, at 5; Doc. 172, at 7). A two-year statute of limitations applies to personal injury claims in Pennsylvania. 42 Pa. Cons. Stat. § 5524(7). A cause of action accrues for statute of limitations purposes when a plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. *Sameric Corp. of Delaware, Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Smith v. Delaware Cty. Ct.*, 260 F. App'x 454, 455 (3d Cir. 2008) *see also Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) ("The determination of the time at which a claim accrues is an objective inquiry," concerned with "what a reasonable person should have known."). Typically, statute of limitations is an affirmative defense, and the asserting defendants have the burden of proof. *See* Fed. R. Civ. P. 8(c)(1); *Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1161 (3d Cir. 1989). However, a district court may order a complaint dismissed as

time-barred where it is obvious from the face of the complaint that the statute of limitations has run and no further development of the factual record would be needed to properly consider the defense's application. *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014); *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002) (permitting a limitations defense to be raised in a motion under Rule 12(b)(6) "only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'"). Still, "'[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).'" *Robinson*, 313 F.3d at 134-35 (quoting *Bethel v. Jendoco Constr. Co.*, 570 F.2d 1168, 1174 (3d Cir. 1978)).

Pennsylvania courts have developed, and the Pennsylvania Legislature codified, tolling principles which allow plaintiffs to bring certain claims beyond the period ordinarily allowable under the statute of limitations. *See* Pa. R. Civ. P. 2005; *see also Zilich v. Doll*, No. 3:13-CV-02814, 2017 WL 1356367, at *2 (M.D. Pa. Jan. 30, 2017), *report and recommendation adopted,* No. CV 3:13-2814, 2017 WL 1330038 (M.D. Pa. Apr. 11, 2017). One such principle is the discovery rule, an equitable doctrine created by courts to ease some of the harshest effects of the statute of limitations. *Brady v. W.C. Eshenaur & Son, Inc.*, 490 F. Supp. 3d 827, 831 (M.D. Pa. 2020). The discovery rule tolls the statute of limitations until the plaintiff knows or reasonably should have known that another party caused an injury. *Brady*, 490 F. Supp. 3d at 831. Similarly, under Pennsylvania Rule of Civil Procedure 2005, a plaintiff may use a "Doe" designation to name a yet to be identified party provided that:

> (1) a defendant's actual name is unknown to the plaintiff or joining party after having conducted a reasonable search with due diligence; (2) the Doe designation is averred to be fictitious; (3) a factual description of the unknown defendant is averred with sufficient particularity for identification; and (4) the plaintiff or joining party avers that a reasonable search to determine the actual name has been conducted.

Pa. R. Civ. P. 2005(b)(1)-(4).

The discovery rule and Rule 2005 are not without their limits. Courts generally do not allow the use of the Doe designation "'if the plaintiff's ignorance of the defendant's true identity is the result of willful neglect or lack of reasonable inquiry.'" *Beckerman v. Weber*, No. CIV.A. 1:06-CV-1334, 2007 WL 2301049, at *5 n.9 (M.D. Pa. Aug. 9, 2007) (citing 2 Moore's Federal Practice § 10.02[2][d][i] (3d ed. 2006)). Dismissal is appropriate when "'reasonable inquiry would have revealed the true identity.'" *Beckerman*, 2007 WL 2301049, at *5 n.9.

Here, the threshold question is whether Plaintiff tolled the statute of limitations by designating Moving Defendants as "Doe[s]" in her Amended Complaint. (Doc. 160, at 10; Doc. 172, at 7). According to Moving Defendants, Plaintiff failed to toll the statute of limitations because she improperly used the Doe designation as a "catch all" despite having done "no reasonable search with due diligence . . . in an attempt to identify Defendants William Wheeler and Advantage Transportation" as defendants for the purpose of this action. (Doc. 160, at 10). While Plaintiff does not name Wheeler or Advantage Transportation as defendants in this action in either her Complaint or her Amended Complaint, her pleading papers provide that Plaintiff knew of Moving Defendants' involvement in the Accident. (Doc. 1, ¶ 29; Doc. 87; Doc. 87-2, at 2; Doc. 160, at 9). Plaintiff identifies Wheeler as a driver of one of the vehicles involved in the Accident in both her Complaint and her Amended Complaint and includes a photograph of Wheeler's vehicle which has "Advantage Transportation" printed on its exterior as an exhibit. (Doc. 1, ¶ 29; Doc. 87; Doc. 87-2, at 2; Doc. 160, at 9). Accordingly, Moving Defendants argue that Plaintiff could not have conducted a diligent search and subsequently failed to discover their identities such that the Doe designation was appropriate. (Doc. 160, at 9). Because Plaintiff filed her Second

Amended Complaint on November 27, 2023, over two years after the date of the accident, Moving Defendants aver Plaintiff's claim is barred by the statute of limitations. (Doc. 142).

Plaintiff responds that she properly tolled the statute of limitations using the Doe designation because the extent and complexity of the vehicular pileup prohibited her from being able to, in good faith, name Moving Defendants in either the Complaint or the Amended Complaint. (Doc. 172, at 8-9). She argues that the discovery completed before the filing of her Second Amended Complaint was not sufficient to name Moving Defendants, highlighting that the discovered Police Report depicts Moving Defendants' vehicle as a "a fair distance ahead of [her vehicle]". (Doc. 172, at 8). Plaintiff further notes that "the accident scene depicted in the discovery materials and photographs [available to her at the time of her Amended Complaint] showed a scene that differed greatly from that presented in the Pennsylvania State Police Report." (Doc. 172, at 9). Thus, she had reason to question the Police Report and was unable to name Wheeler and Advantage Trucking as defendants while maintaining compliance with Rule 11(b)(3), which requires representations to the court to have evidentiary support or will likely have evidentiary support after further investigation. Fed. R. Civ. P. 11(b)(3). [2]  (Doc. 172, at 9).

---

[2] In making her Rule 11(b)(3) argument, Plaintiff asserts that if the Court accepts the Moving Defendants' application of Pa.R.Civ.P. 2005's due diligence requirement then "litigants would have no choice in large scale crashes such as the case at bar but to name all other driver's known to them in the reports/on the roadway at the time of the incident and sort the legitimacy of its claims against each defendant out later." (Doc. 172, at 10). This would necessarily be at odds with the Rule 11(b)(3) requirements. This argument fails because Rule 11(b)(3) does not require litigants to have factual support for every claim they assert at the time of pleading. Instead, Plaintiff could have named the Moving Defendants initially, described the factual discrepancies in the Police Report, and explained why, after more extensive discovery she believed she would uncover evidentiary support for her claims against Moving Defendants.

Per Pennsylvania's discovery rule, "[t]he commencement of the limitations period is grounded on 'inquiry notice' that is tied to 'actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause." *Gleason v. Borough of Moosic*, 15 A.3d 479, 484 (Pa. 2011) (quoting *Wilson v. El-Daief*, 964 A.2d 354, 364 (Pa. 2009)); *see also Am. Builders Ins. Co. v. Keystone Insurers Grp.*, No. 4:19-CV-01497, 2023 WL 5004049, at *9 (M.D. Pa. Aug. 4, 2023).[3]  Here, Plaintiff clearly had "constructive knowledge of at least some form" of harm related to or caused by Moving Defendants, even if she was not knowledgeable about the "full extent" or "precise cause" of it. *Gleason*, 15 A.3d at 484. As explained by Moving Defendants, this is evidenced by Plaintiff's use of Wheeler's identity in her Complaint and Amended Complaint, as well as her photograph exhibit which depicts Advantage's name on the vehicle. (Doc. 1, ¶ 29; Doc. 87; Doc 87-2, at 2; Doc. 160, at 9).

Further, Plaintiff has not met her burden to demonstrate that there was a change in her knowledge about Moving Defendants' role in the Accident, let alone that she was unable to know of the injury caused by Moving Defendants despite her exercise of reasonable diligence. "The party seeking to invoke the discovery rule bears the burden of establishing the inability to know of the injury despite the exercise of reasonable diligence." *Dalrymple v.*

---

[3]  Unless inconsistent with federal law, state law governs whether the statute of limitations should be tolled. *Castillo v. Maguire*, No. 3:13-CV-02953, 2020 WL 13199169, at *7 (M.D. Pa. Nov. 2, 2020), *report and recommendation adopted*, No. 3:13-CV-2953, 2022 WL 1122836 (M.D. Pa. Apr. 14, 2022). Because the parties do not contend that Pennsylvania's tolling principles are inconsistent with federal law, the Court will apply Pennsylvania's tolling principles. *Castillo*, 2020 WL 13199169, at *7 (applying Pennsylvania tolling principles where the parties did not contend that Pennsylvania's tolling principles are inconsistent with federal law).

*Brown*, 701 A.2d 164, 224 (Pa. 1997) (citing *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983)) "The standard of reasonable diligence is objective, not subjective," and "is not a standard of reasonable diligence unique to a particular plaintiff, but instead, a standard of reasonable diligence as applied to a 'reasonable person.'" *Pocono Int'l Raceway*, 468 A.2d at 471 (quoting *Redenz*, 520 A.2d at 886); *see Beckerman*, 2007 WL 2301049, at *6. In the context of substituting Doe Defendants for named defendnats, to determine reasonableness Courts look to the facts of a particular case and the information available to plaintiff at the time they filed their complaint. *DeRienzo v. Harvard Indus., Inc.*, 357 F.3d 348, 354 (3d Cir. 2004).[4]  For example, in *DeRienzo v. Harvard Industries Inc.*, the Third Circuit looked to the fact that the plaintiff was "thwarted in his investigation by misinformation from government witnesses" to determine that a plaintiff was justified in substituting a newly-named defendant, previously designated as Doe. *DeRienzo*, 357 F.3d at 354. Meanwhile, in *Matynska v. Fried*, the New Jersey Supreme Court found a plaintiff did not meet her burden to add a previously fictitiously named medical personnel after the expiration of the statute of limitations because the court opined that the doctor could have easily been identified using the plaintiff's own medical record and hospital charts at the time the complaint was filed. *Matynska v. Fried*, 811 A.2d 456, 457-58 (N.J. 2002). In *Matynska,* the Court highlighted plaintiff's responsibility to investigate all "potentially responsible" parties in a timely manner and reasoned that with a call to the hospital or a cursory look at her own records, plaintiff could have discovered the fictitiously named defendant's role in her injuries earlier. *Matynska*, 811 A.2d at 457.

---

[4] While *DeRienzo* cites New Jersey law N.J.R. 4:26–4, the codified New Jersey discovery rule, to interpret due diligence, Pennsylvania law is substantially the same.

As these cases demonstrate, the Doe designation is not intended to be used, as Moving Defendants aptly state, as a "catch all." (Doc. 160, at 7). It is intended as a placeholder until discovery allows plaintiff to identify parties who are unknowable to the plaintiff at the time of initial pleadings. Just as reasonable person would know to look to her own hospital records to locate medical personnel before using the Doe designation, a reasonable person would know to investigate, or at the very least name, the parties who were clearly involved in the Accident based on records and photo evidence. *Matynska*, 811 A.2d at 457. As Plaintiff has not sufficiently argued otherwise, Plaintiff cannot invoke the discovery rule in her favor and the Court finds Plaintiff's claim against Moving Defendants is time barred.[5] Accordingly, Count IX of her Second Amended Complaint against Moving Defendants is **DISMISSED with prejudice**.

IV.    <u>LEAVE TO AMEND</u>

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave

---

[5] Further, "the purpose of any statute of limitations is to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims." *Barkley v. FMP/Lakeside Assocs.*, No. CIV. A. 98-5991, 1999 WL 345567, at *5 (E.D. Pa. May 14, 1999). This purpose hinged on fairness must be balanced with the interests of providing an open and accessible court system. Such purposes are relevant here because Moving Defendants were not on notice. Nothing about requiring Plaintiff to name Moving Defendants would have inhibited her ability to access the courts or file her complaints. In fact, she provides no additional evidence in her Second Amended Complaint not available to her at the time of her filing of her previous complaints. As such, notice was required. Plaintiff had all the information she needed, and she cannot now haul additional previously unnamed individuals into court.

to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

The Court is mindful of the Supreme Court's mandate that "where the courts are called upon to fulfill their role as the primary guardians of the duty of fair representation, complaints should be construed to avoid dismissals and the plaintiff at the very least should be given the opportunity to file supplemental pleadings unless it appears beyond doubt that he cannot state a good cause of action." *Hernandez v. United Steel Workers Ass'n*, No. 1:10-CV-1350, 2010 WL 5092979, at *5 (M.D. Pa. Dec. 8, 2010) (quoting *Czosek v. O'Mara,* 397 U.S. 25, 27 (1970)). However, here, because Plaintiff's claim is barred by statute of limitations, a third amendment would be futile. *See Lovejoy v. Lewis*, No. 3:15-CV-02495, slip op. at *4 (M.D. Pa. June 13, 2016), *report and recommendation adopted,* No. 3:15-CV-2495, 2016 WL 9226438 (M.D. Pa. Oct. 31, 2016), *aff'd,* 674 F. App'x 125 (3d Cir. 2017) ("leave to amend would be futile because it is clear from the complaint that the statute of limitations lapsed"). Therefore, the Court will not grant Plaintiff leave to file a third amended complaint.

## V.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Doc. 159) is **GRANTED**. Count IX of the Second Amended Complaint against Moving Defendants is **DISMISSED**. (Doc. 142, ¶¶ 78-79).

An appropriate Order follows.

BY THE COURT:

Dated: July 15, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**